UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| ———————————————— ) | | |
| TWENTIETH CENTURY FOX FILM CORP., *et al.* | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | No. 1:14cv362 |
| | ) | (LO / IDD) |
| MEGAUPLOAD LIMITED, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| ———————————————— ) | | |

## BRIEF IN SUPPORT OF
## MOTION OF DEFENDANT MEGAUPLOAD LTD.
## FOR A STAY PENDING A PARALLEL CRIMINAL PROSECUTION

Defendant Megaupload Limited ("Megaupload") has moved for a stay of this civil action pending a parallel criminal action. In this civil action, Megaupload and the individual defendants are being sued for copyright infringement. Megaupload and the other defendants in this action also have been indicted for racketeering, criminal copyright infringement, and other alleged crimes arising out of the same alleged activity. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*").[1] The gist of the scheme alleged in the *Criminal Action* is a conspiracy to commit criminal copyright infringement over the Internet. *Criminal Action*, Doc. 34, *Superseding Indictment* ¶ 1 (identifying alleged conspirators, alleged object of conspiracy, and allegedly illegal income from the alleged scheme). From September 2005 until January 2012, the so-called "Mega Conspiracy" allegedly used a website (megaupload.com) and numerous servers (including servers located in this District) to

---

[1] The Court may take judicial notice of court records and pleadings in related criminal cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989).

"reproduce[] and distribute[] copies of popular copyrighted content over the Internet without [the owner's] authorization" while earning money from users' subscription fees and advertising.  *Id*., Doc. 34, *Superseding Indictment* ¶¶ 2-8.  The criminal charges and the claims asserted in this civil action (brought by alleged crime victims) both allege that a single set of defendants engaged in a single course of conspiratorial conduct.  The two cases involve the same alleged misconduct, objects, means, and injuries.

The defendants in this action are foreign nationals, and the individual defendants are currently defending extradition proceedings in New Zealand in connection with the *Criminal Action*.  The two-week extradition hearing is currently set to begin July 7, 2014.

Megaupload now moves for a stay of this action on the same terms as imposed in a related civil action also pending before the Court.  *Microhits, Inc. v. Megaupload, Ltd*., No. 1:12cv327-LO/IDD (E.D. Va. filed Mar. 21, 2012) ("*Microhits Action*").  In the *Microhits Action*, the Court entered an order staying the case until August 1, 2014, subject to terms and conditions.  *Microhits Action*, No. 1:12cv327-LO/IDD (Dkt. No. 46).  Megaupload respectfully submits that this action should be stayed until (at least) August 1, 2014 on the same terms and conditions.[2]

---

[2]   In seeking this stay, defendant Megaupload does not waive any defense or procedural protections, including but not limited to defenses of insufficient service of process, lack of personal jurisdiction, and improper venue, nor does Megaupload waive the right to request additional time to file and serve a response under Rule 12 if this motion is denied or when any stay entered in this action expires or is lifted.  *See Xyrous Comm., LLC v. Bulgarian Telecom. Co. AD*, No. 1:09cv396, 2009 U.S. Dist. LEXIS 80620, *27 (E.D. Va. Sept. 4, 2009) (motion to stay did not seek affirmative relief from the court and therefore could not serve as a basis for waiver of Rule 12 defense) (citing *Ciolli v. Iravani*, 651 F. Supp. 2d 356, 2009 U.S. Dist. LEXIS 77015, 2009 WL 904672 at *10 (E.D. Pa. 2009)).

**STATEMENT OF THE CASE**

Plaintiffs filed this action on April 7, 2014, alleging claims for direct and secondary copyright infringement of their copyrighted movies (Dkt. No. 1, *Complaint*).  The defendants in this civil action are Megaupload, Vestor Limited ("Vestor"), Kim Dotcom ("Dotcom"), Mathias Ortmann ("Ortmann"), and Bram van der Kolk ("van der Kolk"), all of whom are foreign nationals (*Id.*, *Complaint* ¶¶ 19 – 23).  The Clerk issued summonses for each defendant (Dkt. No. 2), which have been returned unexecuted (Dkt. Nos. 14 -18).  Alias summons have been issued (Dkt. No. 19).  No service returns have yet been filed.

In their complaint in this civil action, Plaintiffs allege that they are victims of the putative criminal conspiracy alleged in the *Criminal Action* (Dkt. No. 1, *Complaint* ¶¶ 1 – 10), and Plaintiffs assert claims for copyright infringement based on the same conduct and activities that are alleged in the *Criminal Action* (*Id.* ¶¶ 24 – 46).  Plaintiffs have been aware of the *Criminal Action* since 2012—indeed, they have appeared in it as putative "interested parties" who claim to be crime victims.  Nonetheless, they only recently filed this civil action.

Defendants Megaupload, Dotcom, Vestor, Ortmann, and van der Kolk also were recently sued by other purported crime victims in another civil action now pending in this Court.  *Warner Music Group Corp. v. Megaupload, Ltd.*, No. 1:14cv374-LO/IDD (E.D. Va. filed Apr. 10, 2014) ("*Warner Music Action*").  The *Warner Music Action* is "related" to this action and the *Criminal Action*.  *Warner Music Action*, No. 1:14cv374-LO/IDD (Dkt. No. 1-2 (Civil Cover Sheet)).  Alias summonses have been issued in the *Warner Music Action*, but no service returns have been filed.

As noted above, defendants Megaupload, Dotcom, Vestor, and Ortmann were previously sued in the *Microhits Action* now pending in this Court.  Plaintiffs acknowledge that this case is

"related" to the *Microhits Action* (Dkt. No. 1-2, Civil Cover Sheet).  The *Microhits Action* has

been stayed pursuant to an order entered by the Court, which stay has been continued and is still

in effect.  *Microhits Action*, No. 1:12cv327-LO/IDD (Dkt. Nos. 31, 36, 41, 44, and 46).  The

*Microhits Action* has been stayed, subject to terms and conditions, until August 1, 2014.

## ARGUMENT

Defendant Megaupload now moves the Court to enter an order, staying this case until (at

least) August 1, 2014, on the same terms and conditions as in the *Microhits Action*.  A stay is

warranted here to avoid burdening the Fifth Amendment rights of the individual defendants.

The Fifth Amendment provides that "no person ... shall be compelled in any criminal

case to be a witness against himself."  U.S.CONST. amend. V.  Assertion of the privilege is not an

admission of guilt or wrongdoing, as it protects anyone who fears prosecution, including "the

innocent who otherwise might be ensnared by ambiguous circumstances."  *Slochower v. Board

of Higher Education*, 350 U.S. 551, 557-58 (1956).  The privilege is given "liberal construction

in favor of the right it was intended to secure," and embraces answers which "would furnish a

link in the chain of evidence needed to prosecute," as well as those which "would in themselves

support a conviction."  *Hoffman v. United States*, 341 U.S. 479, 486 (1951).  The Fifth

Amendment privilege may be asserted in "any" proceeding, "civil or criminal … where the

answers might incriminate [an individual] in future criminal proceedings."  *Lefkowitz v. Turley*,

414 U.S. 70, 77-78 (1973).  In civil litigation, the privilege is not limited to trial testimony; it

may be asserted "at the pleading stage," *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486

(4th Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988), as well as in response to written discovery

and during depositions, *see United States v. Kordel*, 397 U.S. 1, 7 (1970) (interrogatories);

*Pillsbury Co. v. Conboy*, 459 U.S. 248, 256-58 (1983) (deposition).  Thus, the individual

defendants who have been indicted in the still-pending *Criminal Action* and also sued in this civil action would be entitled to assert their Fifth Amendment privilege at several stages in this case.

While Megaupload, as a "collective entity," may not have a Fifth Amendment right to assert, *Bellis v. United States*, 417 U.S. 85, 88 (1974), it necessarily acts through individuals who have such rights (including co-defendants Dotcom, Otmann, and van der Kolk), which requires that the individual defendants' Fifth Amendment rights be accommodated.  *See Braswell v. United States*, 487 U.S. 99, 117-19 (1988); *accord SEC v. Dunlap*, 253 F.3d 768, 774-75 (4th Cir. 2001).  During pleading, discovery, and trial, these individual defendants cannot be forced to risk implicating themselves in the crimes alleged in the *Criminal Action* in order to provide a defense to Megaupload in the civil case.  Thus, Fifth Amendment considerations also arise with respect to Megaupload in the civil case.

Generally, the Court has discretion to stay a civil action pending the outcome of ongoing, actively prosecuted criminal proceedings.  *Kordel*, 397 U.S. 12 n.27 ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action," whether requested by the prosecution or the defense.); *accord AvalonBay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 1:07cv306 (GBL), 2007 U.S. Dist. LEXIS 63773, *3-4 (E.D. Va. Aug. 27, 2007) (discretion); *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (same).  In exercising such discretion, judges of this Court generally apply the balancing test stated in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  *See AvalonBay*, *supra*, at *3-4; *Burns v. Anderson*, 1:02cv1326 (JCC), 2006 U.S. Dist. LEXIS 59150, *9-10 (E.D. Va. Aug. 22, 2006) (applying *Landis*); *Phillips*, 896 F. Supp. at 558 (applying *Landis*).  "In applying this balance, courts have held that some attempt must be made to accommodate a civil litigant's Fifth Amendment

concerns, and therefore a stay should be granted if one party requests it and the other party will not be substantially prejudiced.  Yet, a stay is improper if the opposing party demonstrates that it will result in genuine, substantial prejudice to its interests."  *Phillips*, 896 F. Supp. at 558 (footnotes and citations omitted).   Other interests may come into play, such as "interests of persons not party to the civil litigation, the public interest, the danger of discovery abuse, bad faith, [and] the status of the criminal proceedings."  *AvalonBay*, *supra*, at *4.  This balancing of factors inexorably leads to the conclusion that a stay of civil litigation is warranted.

In the *Microhits Action*, an-identically situated and highly motivated plaintiff vigorously opposed a stay pending the *Criminal Action*, resulting in extensive briefing and several orders from the Court.  Megaupload will not repeat all of the legal and factual analyses presented in the *Microhits Action*, which are incorporated by reference.[3]  Instead, Megaupload cites to, and relies upon, the Court's June 15, 2012 order denying the plaintiff's motion for reconsideration of the stay, which cogently and concisely stated the reasons for granting a stay.  *Microhits Action*, No. 1:12cv327-LO/IDD (Dkt. No. 36) (Exhibit A).   The balancing of the *Landis* factors remains the same today as then, and still justifies a stay of civil litigation for now, subject to the possibility of relief if circumstances were to change.

---

[3]  Specifically, in addition to the Court's rulings identified above, Megaupload incorporates the following briefs and other papers stating Megaupload's arguments for entering and maintaining the stay:  *Microhits Action*, No. 1:12cv327-LO/IDD (Dkt. Nos. 17, 22, 30, 34, 37, 40, 43, and 45).

## CONCLUSION

For the reasons argued above as well as those presented in the *Microhits Action*, which are incorporated by reference, defendant Megaupload respectfully requests that the Court enter the attached proposed order staying this action until (at least) August 1, 2014, subject to the possibility of relief if circumstances were to change.

Dated:  May 10, 2014                                       Respectfully submitted,

                                                          /s/ Craig C. Reilly
                                                          Craig C. Reilly, Esq. (VSB # 20942)
                                                          111 Oronoco Street
                                                          Alexandria, Virginia 22314
                                                          TEL (703) 549-5354
                                                          FAX (703) 549-2604
                                                          craig.reilly@ccreillylaw.com

                                                          Ira P. Rothken (*pro hac vice* pending)
                                                          ROTHKEN LAW FIRM
                                                          3 Hamilton Landing
                                                          Suite 280
                                                          Novato, CA 94949
                                                          (415) 924-4250
                                                          (415) 924-2905 (fax)
                                                          ira@techfirm.net

                                                          *Counsel for Defendant Megaupload, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2014, the foregoing was filed and served electronically by

the Court's CM/ECF system upon all registered users:

> Julie M. Carpenter
> Kenneth L. Doroshow
> Scott B. Wilkens
> Erica L. Ross
> JENNER & BLOCK LLP
> 1099 New York Ave., N.W.
> Suite 900
> Washington, D.C. 20001
> *Counsel for Plaintiffs*

> /s/ Craig C. Reilly_____
> Craig C. Reilly, Esq. (VSB # 20942)
> 111 Oronoco Street
> Alexandria, Virginia 22314
> TEL (703) 549-5354
> FAX (703) 549-2604
> craig.reilly@ccreillylaw.com
> *Counsel for Defendant Megaupload, Ltd.*