IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROHITS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:12-cv-327 |
| ) | |
| MEGAUPLOAD, LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (Dkt. No. 32) of the Court's prior Order granting in part the Motion to Stay. For good cause appearing and for the reasons stated herein, Plaintiffs' Motion is hereby DENIED.

Based on the Plaintiffs' Motion, it appears Plaintiffs read the Court's prior stay Order, as an indication of the Courts belief that Defendants currently possess Fifth Amendment rights. Instead, the Court's ruling was an exercise of its inherent authority to control "the disposition of the causes [of action] on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

In so doing, the Court "weigh[ed] the competing interests" and found that a limited stay, with the possibility of relief should intervening circumstances change, was appropriate in this case. In balancing the competing interests before the Court, the Court considered the impending criminal proceedings against the Defendants in this country and the potential self-incrimination conflicts that might arise if Defendants were to testify in this related civil cause of action.

Even if Fifth Amendment protections are presently unavailable to the Defendants, there seems to be no disagreement that such protections would be available should the Defendants be

EXHIBIT A

extradited to defend themselves in the related criminal matter (1:12-cr-3). *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right of criminal defendants."). Should the Defendants be required to answer the present civil cause of action, their answers might incriminate them in the future criminal proceeding. *Lefkowitz v. Turley*, 414 U.S. 70, 77078 (1973). It is not yet clear whether this will be the case, as the extradition proceedings are ongoing. At this time, the Court finds the possibility of extradition and potential future self-incrimination weighs strongly in favor of staying this action until the applicability of Fifth Amendment protection becomes more certain.

The Court balanced this potentially significant burden on the Defendants with the minimal burden that a stay would impose on the Plaintiffs. Even if Plaintiffs received a favorable judgment against Defendants, Plaintiffs ability to meaningfully recover is limited at this juncture. As the Defendants point out, "every asset the government could find has been seized pending forfeiture. . . . Plaintiffs [] can do no better than second-in-line behind the government." Defs.' Reply Br. 13, May 29, 2012, ECF. No. 30. Defendants' assets have also been frozen worldwide. A delay in any potential finding of liability is unlikely to effectively prejudice the Plaintiffs' ability to recover. Additionally, there is no ongoing harm to the Plaintiffs necessitating immediate adjudication. The Government has shut down Defendants' operations as well as the alleged infringing activity. Moreover, Plaintiffs are presently involved in the negotiations in the criminal matter regarding the disposition of the evidence relevant to both this and the criminal matter. If the underlying circumstances change, for example, if the present status of the evidence changes in a manner detrimental to the Plaintiffs, the Plaintiffs are invited to petition this Court to have the Stay lifted prior to the 180-day deadline.

EXHIBIT A

Finally, the Court finds that certifying the stay Order for interlocutory appeal would be inappropriate. An order may be certified for interlocutory appeal when it "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D.Va. 2005) (quoting 28 U.S.C. § 1292(b)). Here, the Court's Order was not based on a disputed question of law; rather, the stay Order was based on the Court's discretionary authority. The Order speaks not to the ultimate disposition of the litigation, but instead to the Court's take on the most appropriate manner in which to move forward in these parallel complicated criminal and civil cases.

For these reasons, Plaintiffs' Motion for Reconsideration (Dkt. No. 32) is DENIED.

June 15, 2012
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

EXHIBIT A