**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORP., *et al*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MEGAUPLOAD LIMITED, *et al.*, <br><br> *Defendants.* | No. 1:14CV362 <br> (LO / IDD) <br><br> **ECF CASE** |

**MEMORANDUM OF LAW IN RESPONSE TO
MEGAUPLOAD LTD.'S MOTION FOR A STAY**

Plaintiffs Twentieth Century Fox Film Corporation, Disney Enterprises, Inc., Paramount Pictures Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (together, "Plaintiffs") do not oppose Defendant Megaupload Ltd.'s ("Megaupload") request for a time-limited stay pending the resolution of *United States v. Kim Dotcom, et al.* No. 1:12-cr-0003-LO (E.D. Va., filed Jan. 5, 2012) (the "Criminal Action"), provided that the stay expressly exempt (1) Plaintiffs' efforts to effect service on Megaupload and the other Defendants in this action as necessary; (2) Plaintiffs' right to amend the Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; and (3) Plaintiffs' rights to take any action in the United States or in any foreign jurisdiction to preserve Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders.

These exemptions that Plaintiffs seek from the requested stay are carefully circumscribed so as to "avoid burdening the Fifth Amendment rights of the individual defendants," which is

Megaupload's sole asserted basis for seeking a stay. Megaupload Mem. of Law at 4.[1] Plaintiffs respectfully request that a stay include these express exemptions to preserve certain of Plaintiffs' procedural and substantive rights, which might otherwise be prejudiced.

## BACKGROUND

Plaintiffs filed this action on April 7, 2014, pleading claims of direct and secondary copyright infringement against each of the Defendants. As set forth in the Complaint, until the megaupload.com and related websites were shut down in 2012, Defendants operated a business dedicated to the massive commercial exploitation and infringement of Plaintiffs' copyrighted movies and television shows. *See* Compl., Dkt. No. 1, ¶¶ 24-32.

As both the superseding indictment in the Criminal Action and the Complaint in this case make clear, Defendants' infringing business was extraordinarily successful. Megaupload's websites were enormously popular, and Defendants profited handsomely from the massive infringement that took place on those sites and related services. Through their infringement-driven enterprise, Defendants enriched themselves by over $175 million. Compl. ¶¶ 5-6. These profits came at the expense of copyright holders, like Plaintiffs, whose copyrights Defendants repeatedly and willfully infringed. As a result, in this civil suit, Plaintiffs seek an award of either (1) their actual damages and Defendants' profits from the vast infringement of Plaintiffs' copyrights, or (2) the maximum statutory damages permitted by law, as well as attorneys' fees. *Id.* ¶¶56-57, 67-68; 17 U.S.C. §§ 504(b)-(c), 505.

As this Court is aware, the conduct providing the basis for many of Plaintiffs' allegations against Defendants in this case is also the basis for the Criminal Action and two other civil

---

[1] Plaintiffs do not concede that a stay is necessary to protect any Fifth Amendment rights Defendants may have and Plaintiffs reserve the right to challenge, at a later date, Defendants' argument in this respect.

actions currently pending in this Court: *Microhits, Inc. v. Megaupload, Ltd.*, No. 1:12cv327-LO (E.D. Va., filed Mar. 21, 2012) (the "*Microhits* Action"), and *Warner Music Group Corp. v. Megaupload, Ltd.*, No. 1:14cv374-LO (E.D. Va., filed Apr. 10, 2014) (the "*Warner Music* Action"). The *Microhits* Action has been stayed pending the Criminal Action, subject to certain conditions, and Megaupload is currently seeking a stay in the *Warner Music* Action on the same basis as in this action. *Warner Music* Action, Dkt. No. 13 (May 10, 2014).

On April 8, 2014, the day after filing the Complaint, Plaintiffs' counsel contacted defense counsel requesting that he accept service of the Complaint on behalf of all defendants.[2] Exhibit A, Declaration of Kenneth L. Doroshow ¶ 3 ("Doroshow Decl."). Plaintiffs' counsel renewed that request on April 15, 2014, to which defense counsel responded by stating that Megaupload would consider accepting service if Plaintiffs would agree to the same stay that this Court entered in the *Microhits* Action. *Id.* ¶¶ 3-4. The parties' counsel then entered into negotiations regarding whether Plaintiffs would agree to a stay of proceedings – with certain limitations – in exchange for Defendants' acceptance or waiver of service of the Complaint. *Id.* ¶ 4. During those negotiations, which included Plaintiffs' counsel in this action and the *Warner Music* Action, Plaintiffs made clear that they would agree to a stay only if Defendants would accept or waive service of process, and only if the stay would not affect Plaintiffs' rights to amend their

---

[2] Counsel of record appear to represent all of the Defendants in this action. Doroshow Decl. ¶ 2. Although they have entered an appearance so far on behalf of only Megaupload Ltd., Dkt. No. 13 (May 5, 2014), and Kim Dotcom, Dkt. No. 23 (May 22, 2014), counsel signed waivers of service forms as the attorneys for Defendants Ortmann and Van der Kolk. *Id*. Counsel also represented during a meet and confer that they were "optimistic" that they could obtain the agreement of all Defendants to accept or waive service in exchange for a stay of proceedings. *Id.*. Furthermore, counsel for Megaupload has entered special appearances on behalf of Defendants Megaupload, Dotcom, Ortmann, and Van der Kolk in the Criminal Action (Criminal Action, Dkt. No. 96 (May 30, 2012)) and has appeared on behalf of Megaupload and defendant Kim Dotcom in the *Microhits* Action. *Microhits* Action, Dkt. Nos. 19, 20 (orders granting motions to appear *pro hac vice*).

complaint under Rule 15(a) of the Federal Rules of Civil Procedure and their rights to take any actions to prevent Defendants from dissipating their assets. *Id.*. Although Defendants' counsel indicated that he could probably obtain the agreement of all Defendants to accept or waive service in exchange for a stay, he would not agree to the limitations Plaintiffs sought with respect to the scope of the stay. *Id.*

On May 1, 2014, after the failure of negotiations, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would proceed to serve the Defendants directly. Doroshow Decl. ¶ 4. On May 22, 2014, counsel for Megaupload and Dotcom informed Plaintiffs that Defendants Dotcom, Ortmann, and Van Der Kolk, (together, the "Individual Defendants") were waiving service of the summonses and provided electronic copies (but not yet the originals) of signed waivers. Doroshow Decl. ¶ 5.[3] Although Defendants' counsel has acknowledged the receipt of waiver of service forms directed to Defendants Megaupload and Vestor Ltd. (together the "Corporate Defendants"), the Corporate Defendants have not yet agreed to waive service and Defendants' counsel has thus far declined to inform Plaintiffs' counsel whether they will agree to do so. *Id.* ¶ 6. While Plaintiffs' efforts to serve all of Defendants were ongoing, Defendant Megaupload filed the instant motion to stay further proceedings, seeking a stay on the same terms as in the *Microhits* Action.

Notably, this Court's decision to grant a "limited" stay in the *Microhits* Action was premised in significant part on the fact that "Defendants' assets have also been frozen worldwide," and thus "[a] delay in a potential finding of liability is unlikely to effectively prejudice the Plaintiffs' ability to recover." Ex. A to Megaupload Mem. of Law at 2 (*Microhits* Action Order denying Plaintiffs' Motion for Reconsideration (June 15, 2012)). Since 2012,

---

[3] Plaintiffs will file the original waivers of service with the Court once received.

Defendants' assets have been frozen pursuant to orders issued by this Court in the Criminal Action, which have been registered by the competent legal authorities in New Zealand and Hong Kong. Doroshow Decl. ¶ 7. The New Zealand Government recently applied to extend the asset freeze in place in that country, but that application was opposed by Kim Dotcom and other Defendants. On April 16, 2014, the New Zealand High Court declined to exercise its discretion to extend the registration of this Court's restraining orders. *Id*. ¶ 8. That ruling is currently on appeal to the New Zealand Court of Appeal, and Defendants' assets remain frozen pending resolution of the appeal. *Id*. If the New Zealand Government loses the appeal, the assets will be unfrozen, and there is a significant risk that they will then be immediately dissipated.

Defendants have or have had sophisticated global business interests, and accordingly they have the ability to move assets offshore quickly and immediately. Correspondence among the Defendants described in the United States' Summary of Evidence in the Criminal Action further indicates that Defendants are likely to immediately dissipate any assets that are unfrozen. Summary of Evidence ¶¶ 103(i), 134(f), available at http://www.justice.gov/usao/vae/victimwitness/mega_files/Mega%20Evidence.pdf.

To ensure that Defendants' New Zealand assets remain frozen even if the New Zealand Government loses the pending appeal, several of the Plaintiffs have initiated civil proceedings in New Zealand to freeze Defendants' assets pending a judgment in this action. It is uncertain when Plaintiffs' asset freeze application will be decided by the New Zealand courts. The proceedings in New Zealand are ongoing. *Id*. ¶ 9.

In addition to opposing extension of the asset freeze in New Zealand, Defendants are also seeking to unfreeze their assets in Hong Kong, which have also been frozen pursuant to this Court's restraining orders issued in the Criminal Action. Doroshow Decl. ¶ 10. Defendants

recently filed a court action in Hong Kong against the Hong Kong Department of Justice seeking to unfreeze their assets. *Id*. A hearing on Defendants' application is currently scheduled for July 10, 2014. If Defendants are successful in their efforts to unfreeze their assets in Hong Kong, there is a significant risk that those assets will be dissipated in very short order. Plaintiffs are monitoring developments in Hong Kong and assessing whether they may need to take legal action there to further preserve Defendants' assets. *Id*. Thus, without further legal action by Plaintiffs in New Zealand and Hong Kong, it is possible that Defendants' assets will be unfrozen and subject to dissipation during a stay of this action.

## ARGUMENT

Plaintiffs do not oppose Defendant Megaupload's motion for a limited stay in this action on terms similar to the stay in the *Microhits* Action, as long as the stay expressly exempts (1) Plaintiffs' efforts to effect service on the Corporate Defendants in this action as necessary; (2) Plaintiffs' right to amend the Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; and (3) Plaintiffs' rights to take any action in the United States or in any foreign jurisdiction to preserve Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders.

This Court has the power to stay a pending action to ensure the "economy of time and effort for itself, for counsel, and for litigants." *Hawley v. Johnson & Johnson*, 2011 U.S. Dist. LEXIS 155282, at *2 (E.D. Va. Apr. 29, 2011) (quoting *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.

Here, Defendant Megaupload seeks a stay on behalf of all Defendants to "avoid burdening the Fifth Amendment rights of the individual defendants." Megaupload Mem. of Law at 4. None of the limitations that Plaintiffs are seeking to be imposed on the stay would burden

6

Defendants' asserted Fifth Amendment rights in any way.  In light of the burdens that a stay would impose on Plaintiffs by impeding their speedy prosecution of this action, Plaintiffs' proposed limitations on the stay (should the Court grant Megaupload's motion) are reasonable and carefully circumscribed, and are aimed at preserving Plaintiffs' rights and minimizing the costs of a stay.

*First*, Plaintiffs ask that the Court expressly permit the Plaintiffs to continue in their efforts to serve the Corporate Defendants during the pendency of any stay.  As noted above, Plaintiffs have negotiated with Defendants' counsel regarding acceptance of service – successfully, so far, only with regard to the Individual Defendants – and are continuing to attempt service on the Corporate Defendants directly.  Given the refusal of the Corporate Defendants to indicate whether they will agree to waive service in the same manner as the Individual Defendants have done, Plaintiffs are concerned that the Corporate Defendants may be seeking to avoid service.  That concern is heightened by the fact that, in seeking a stay, counsel for Megaupload has expressly sought to preserve the defenses of insufficient service, lack of personal jurisdiction, or improper venue.  Megaupload Mem. of Law  at 2, n.2.  Allowing Plaintiffs to continue to try to serve the Corporate Defendants would not prejudice the Defendants' asserted Fifth Amendment rights in any way, because Plaintiffs' efforts to effect service would not require Defendants to address the merits of Plaintiffs' allegations.

*Second*, Plaintiffs request that any stay not prohibit them from filing an amended complaint once as of right under Rule 15(a) of the Federal Rules of Civil Procedure.  Any obligation on the part of Defendants to respond to an amended complaint would be stayed.  Allowing the Plaintiffs to amend their Complaint during the stay will not prejudice the Defendants, because Defendants' obligation to answer or move to dismiss will be tolled by the

7

stay and they will not have to take any action in response, much less any action that could implicate their asserted Fifth Amendment rights.

*Third*, Plaintiffs request that the Court expressly exempt from the scope of the stay Plaintiffs' right to take any action anywhere in the world to preserve or freeze Defendants' assets.[4] As described above, Defendants are currently engaged in efforts in New Zealand and Hong Kong to unfreeze their assets. Plaintiffs are currently seeking a court order to freeze Defendants' assets in New Zealand and are evaluating options in Hong Kong to prevent the dissipation of assets during the course of this litigation. Plaintiffs are concerned that, if a stay order in this case does not expressly permit Plaintiffs to seek to preserve Defendants' assets, Defendants may attempt to argue that a stay in this case prohibits Plaintiffs from seeking to prevent the dissipation of Defendants' assets in foreign jurisdictions.

Any limitation, implied or otherwise, on Plaintiffs' ability to prevent the dissipation of Defendants' assets would significantly harm the interests of the Plaintiffs without serving either Defendant Megaupload's stated purpose for the requested stay or judicial economy. The stay in the *Microhits* Action is premised in part on the fact that Defendants' worldwide assets remain frozen. Given Defendants' current efforts to unfreeze those assets and the attendant risk of their dissipation, a carve-out from a stay order expressly allowing Plaintiffs to seek to preserve those assets is both reasonable and necessary.

## CONCLUSION

For the reasons set forth above, Plaintiffs do not oppose the requested stay provided that the Court's stay order is expressly limited to permit Plaintiffs' to continue to seek to effect

---

[4] While Plaintiffs are not currently seeking a restraining order in this Court to preserve assets, Plaintiffs expressly reserve their rights to do so if circumstances so require.

service, to amend their complaint once as of right under Rule 15(a) of the Federal Rules of Civil Procedure, and to take any actions necessary to preserve Defendants' worldwide assets.

Dated: May 27, 2014  By: __/s/ Julie M. Carpenter_____

    JENNER & BLOCK LLP
    Kenneth L. Doroshow (*admitted pro hac vice*)
    Julie M. Carpenter, VA Bar #30421
    Scott B. Wilkens (*admitted pro hac vice*)
    Erica L. Ross (*admitted pro hac vice*)
    1099 New York Ave., N.W.
    Suite 900
    Washington, DC 20001
    Phone: 202-639-6000
    Fax: 202-639-6066

    *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hearby certify that on May 27, 2014 the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, as well as by first-class U.S. mail, postage pre-paid, upon the following:

    Craig Crandall Reilly
    Law Office of Craig C. Reilly
    111 Oronoco St
    Alexandria, VA 22314
    *Counsel to Megaupload Limited and Kim Dotcom*

    Ira Rothken
    Rothken Law Firm
    3 Hamilton Landing, Suite 280
    Novato, CA 94949
    *Counsel to Megaupload Limited and Kim Dotcom*

Dated: May 27, 2014        By: __/s/ Julie M. Carpenter_____

                                    Julie M. Carpenter
                                    JENNER & BLOCK LLP
                                    Kenneth L. Doroshow (*admitted pro hac vice*)
                                    Julie M. Carpenter, VA Bar #30421
                                    Scott B. Wilkens (*admitted pro hac vice*)
                                    Erica L. Ross (*admitted pro hac vice*)
                                    1099 New York Ave., N.W.
                                    Suite 900
                                    Washington, DC 20001
                                    Phone: 202-639-6000
                                    Fax: 202-639-6066

                                    *Attorneys for Plaintiffs*