UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| _____ ) | | |
| TWENTIETH CENTURY FOX FILM CORP., *et al.* ) | | |
| ) | | |
| *Plaintiffs,* ) | | |
| ) | | |
| v. ) | No. 1:14cv362 | |
| ) | (LO / IDD) | |
| MEGAUPLOAD LIMITED, *et al.,* ) | | |
| ) | | |
| *Defendants.* ) | | |
| _____ ) | | |

**REPLY BRIEF IN SUPPORT OF
MOTION OF DEFENDANT MEGAUPLOAD LTD.
FOR A STAY PENDING A PARALLEL CRIMINAL PROSECUTION**

This is a civil action for copyright infringement brought by several movie companies ("Plaintiffs") against several individuals and entities, all of whom are foreign nationals ("Defendants").[1]  Defendant Megaupload has moved for a stay of this civil action pending a parallel criminal action, *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va., filed Jan. 5, 2012) ("*Criminal Action*") (Dkt. No. 20).  Plaintiffs have responded to that motion, stating that they "do not oppose Defendant [Megaupload's] request for a time-limited stay pending the resolution of [the *Criminal Action*]," provided that certain express exemptions are made (Dkt. No. 26, *Plaintiffs Brief* at 1).  Plaintiffs seek the following exemptions:  (1) to allow Plaintiffs to effect service on any other Defendant who has not been served; (2) to allow Plaintiffs to amend their complaint "as a matter of course" under Rule 15(a)(1); and (3) to allow Plaintiffs to institute and pursue "any action in the United States or in any foreign jurisdiction to

_____

[1]  The Defendants in this civil action are Megaupload Limited ("Megaupload"), Vestor Limited ("Vestor"), Kim Dotcom ("Dotcom"), Mathias Ortmann ("Ortmann"), and Bram van der Kolk ("van der Kolk").

preserve Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders" (*Id.*, at 1). There is no opposition to exemptions (1) and (2), but Defendants oppose item (3), and respectfully submit that there should not be a general exemption from the stay because it would be an open-ended invitation of collateral, asset-freeze litigation that will eviscerate the stay.

When asked to stay a civil action pending a parallel criminal proceeding, the Court must exercise its sound discretion to serve the "interests of justice." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). In exercising its discretion, the Court must carefully balance the parties' interests, as well as the public interest. *See, e.g.*, *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (applying the balancing test stated in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Were the Court to enter a stay based on its careful balancing of circumstances and interests, yet then allow an exemption permitting Plaintiffs to institute and pursue asset-freeze litigation whenever and wherever they choose, the Court's careful discretionary balancing would be entirely displaced, and the stay would be rendered illusory.

Megaupload respectfully submits that the language of the attached revised stay order it has proposed is sufficient to protect Plaintiffs' legitimate interests. Under Megaupload's revised proposed order, the stay would be "subject to the parties' rights to seek relief based on a substantive change in circumstances." Under that proviso, if and when Plaintiffs identify particular pre-judgment remedies, against particular assets, based on particular grounds, pursuant to particular procedures, in a particular court of competent jurisdiction, then Plaintiffs may apply to this Court seeking to lift the stay, for good cause shown, for that specific purpose.

**STATEMENT OF MATERIAL PROCEEDINGS**

This is one of three civil copyright actions filed against Defendants by purported victims of the crimes charged in the *Criminal Action*.[2]  The *Microhits Action* has been stayed and Defendants are seeking to stay the *Warner Music Action* as well.

At present, pursuant to the Court's orders entered in the *Criminal Action* in 2012, every asset of the Defendants that the United States could find has been seized pending potential criminal forfeiture.[3]  Those orders were directed at assets in Germany, Hong Kong, the Netherlands, New Zealand, the Philippines, the United Kingdom, and Australia.  Thus, until the *Criminal Action* is resolved, or those assets are otherwise released, they remain frozen.

The Court's asset-freeze orders were registered as criminal ("conviction-based") restraining orders in New Zealand in April 2012 ("NZ Registrations").  The NZ Registrations were set to expire on April 18, 2014.  The authorities in New Zealand, on behalf of the United States, sought an extension of the NZ Registrations.  On April 16, 2014, the High Court of New Zealand, Auckland Registry, entered an order declining to extend the NZ Registrations of the criminal restraining orders for another year; nonetheless, the court extended them on an interim basis pending the Crown's appeal to the New Zealand Court of Appeal (Dkt. No. 26-9, Exhibit H).  At present, then, the NZ Registrations remain in effect as criminal asset-freeze orders.

On May 27, 2014, certain Plaintiffs in this action filed an application in the High Court of New Zealand, Auckland Registry, for a civil pre-judgment "freezing order" under New Zealand High Court Rule 32.5 (Dkt. No. 26-10, Exhibit J).  Essentially, those Plaintiffs are seeking to

---

[2]  The other actions are *Microhits, Inc. v. Megaupload, Ltd.*, No. 1:12cv327-LO/IDD (E.D. Va. filed Mar. 21, 2012) ("*Microhits Action*"), and *Warner Music Group Corp. v. Megaupload, Ltd.*, No. 1:14cv374-LO/IDD (E.D. Va. filed Apr. 10, 2014) ("*Warner Music Action*").

[3]  *See* 21 U.S.C. § 853; *Caplin & Drysdale, Chtd. v. United States*, 491 U.S. 617, 627-28 (1989) (title to forfeitable assets vests in government upon commission of crime).

have a *civil* ("non-conviction based") "freezing order" put in place in the event the NZ Registrations of the criminal asset-freeze orders were to lapse or are not extended. Defendants are opposing that civil asset-freeze application in the High Court in Auckland, New Zealand.  The schedule for that proceeding has not been set, but will likely be set in early July.  It is expected that the High Court in Auckland will hear the Plaintiffs' request for a civil "freezing order" before the NZ Registrations of the criminal asset-freeze order have expired.

This Court's criminal asset-restraining orders also were lodged in Hong Kong as asset-freeze orders.  Defendants are seeking to unfreeze their assets in Hong Kong, which matter is set for a hearing on July 10, 2014 (Dkt. No. 26-12, Exhibit K).  To Defendants' knowledge, Plaintiffs have not formally intervened in that action or taken any action to seek any sort of civil asset-restraining order in Hong Kong; however, Plaintiffs attempted to send counsel to attend the Hong Kong court proceedings.

Finally, the United States Attorney's office has reported to the High Court Judge in New Zealand that "Given the delays in the extradition process in New Zealand, the United States is preparing to file a civil (non-conviction based) forfeiture action involving, at a minimum, the restrained property in New Zealand" (Dkt. No. 26-9, Exhibit H, ¶ [45], quoting ¶ 3 of the affidavit of Assistant United States Attorney G. Wingate Grant).  If such a civil forfeiture action has been filed, it has not yet been served on Defendants.

## REPLY ARGUMENT

Megaupload respectfully submits that the Court should enter the form of stay order it has submitted herewith, with simple exemptions for service of process and amending the complaint once "as a matter of course" under Rule 15(a)(1).  A blanket exemption for initiation of "any action," anywhere, to seek asset-freeze orders, however, should not be allowed.

## I.      SERVICE OF PROCESS

Although Plaintiffs spend a lot of time characterizing the parties' negotiations about service of process issues, the bottom-line is clear:  through United States counsel, the individual defendants (Dotcom, Ortmann, and van der Kolk), who are in New Zealand, have formally waived service of process under Rule 4(d), and have 90 days to respond to the complaint (which period would be suspended if the stay is granted).  In addition, defense counsel are continuing to work with counsel for Plaintiffs regarding service on Megaupload and Vestor in Hong Kong. Whether or not an agreement on waiver of service for Megaupload and Vestor is reached, an exemption to the stay for service of process is not opposed.

## II.     AMENDMENT OF RIGHT

Under Rule 15(a)(1), Plaintiffs have certain rights to amend their complaint once "as a matter of course" and without seeking leave of court.  Although Plaintiffs have not indicated how (or even if) they will amend their pleading, an exemption to the stay allowing Plaintiffs to amend their pleading once as provided in Rule 15(a)(1) is not opposed.

## III.    ASSET-FREEZE LITIGATION

Plaintiffs seek *carte blanche* to institute and pursue "any action in the United States or in any foreign jurisdiction to preserve Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders."  Respectfully, Plaintiffs ask for too much.  Such an unbridled exemption permitting Plaintiffs to institute "any action," anywhere, to seek asset-freeze orders should not be allowed.

First, the point of the stay is not merely to protect the individual Defendants' Fifth Amendment rights, but also to obtain a temporary cease-fire.  While the *Criminal Action* is pending, Defendants should not be required to defend several extraordinarily expensive,

complex, intellectual property actions brought by a dozen copyright owners regarding thousands of works.  The cease-fire effect of the stay would be eviscerated if Plaintiffs are given *carte blanche* to institute costly, collateral, asset-freeze litigation whenever and wherever they choose. That exemption would render the cease-fire illusory and bypass the sound discretion of this Court to keep the stay in place, or to lift the stay upon a showing of good cause, using a case-by-case analysis and based on a specific factual record.

Second, allowing an open-ended exemption for asset-freeze litigation runs counter to the principles governing litigation of pre-judgment remedies.  Civil asset-freeze orders are rare and must be cautiously adjudicated because pre-judgment seizure of a civil defendant's assets based on the civil plaintiff's mere allegations runs counter to bedrock principles of law requiring due process before the defendant is deprived of his property rights.  *See Connecticut v. Doehr*, 501 U.S. 1 (1991); *North Georgia Finishing, Inc. v. DiChem, Inc.*, 419 U.S. 601 (1975); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974); *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337 (1969).  Among those due process protections are notice and an opportunity for a hearing.  *E.g.*, *Doehr*, *supra*.  Those rights, as well as the litigation-cease-fire that the stay is intended to ensure, would be nullified if Plaintiffs were at liberty to institute asset-freeze litigation here, or in "any foreign jurisdiction," whenever and wherever they choose.  Many other countries, including New Zealand for example, permit asset-freeze applications to be made "without notice to a respondent."  NEW ZEALAND HIGH COURT RULE 32.2(1).  To protect Defendants' rights, Plaintiffs should be required to seek leave of this Court before taking any such action, which would permit Defendants notice and an opportunity to oppose the lifting of the stay.

Third, asset-freeze litigation inherently entails demonstrating a substantial likelihood that the plaintiff will prevail on its civil claims, as well as complex determinations for linking assets to alleged wrongdoing, tracing assets, and proving causation.  Therefore, Defendants will be placed on the same horns-of-a-dilemma as in full-blown litigation of a civil action because defending any such asset-freeze litigation will necessarily implicate the same Fifth Amendment concerns that gave rise the stay of the *Microhits Action*.  Permitting asset-freeze litigation to go forward whenever and wherever Plaintiffs seek to pursue it will unfairly burden Defendants' Fifth Amendment rights in the same way those rights would be burdened by allowing any other form of parallel civil litigation to go forward while the *Criminal Action* is pending.  Therefore, given those concerns, it is the Court who should decide whether and to what extent Plaintiffs may pursue any asset-freeze litigation.  That decision should not be left to the unbridled discretion of the Plaintiffs.

Fourth, in addition to the due process, Fifth Amendment, and cease-fire considerations discussed above, the practical effect of a civil pre-judgment asset-freeze must be considered.  It may be such a temptingly powerful provisional remedy that a plaintiff may pursue it purely as a gambit to disable the defense before merits-litigation even begins.  To be sure, in copyright infringement cases, as in other types of civil litigation, pre-judgment asset-freezes are the rare exception, not the rule.  And in Internet copyright cases, the plaintiff's task of showing a strong likelihood of success on the merits as a basis for obtaining an asset-freeze order is much more difficult.[4]  Nonetheless, were Plaintiffs given *carte blanche* to pursue the already-tempting

---

[4]  In Internet copyright cases, the complexity of the merits adjudication is plainly revealed by such cases as *Viacom, Int'l, Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010) (summary judgment for defendants), *vacated in part, reversed in part, affirmed in part, and remanded*, 676 F.3d 19 (2d Cir. 2012), *after remand*, 940 F. Supp. 2d 110 (S.D.N.Y. 2013) (summary judgment for defendants), and *UMG Recordings, Inc. v. Veoh Networks, Inc.*, 718

prospect of an asset-freeze, then it is a virtual certainty that expensive, fact-intensive asset-freeze litigation of global-scope will ensue, even if Plaintiffs' prospects of securing an asset-freeze order were remote.

Therefore, the Court should not issue a blanket exemption for Plaintiffs "to take any action in the United States or in any foreign jurisdiction to [freeze] Defendants' assets" as has been requested. To give effect to the cease-fire, to guard against burdening the individual Defendants' Fifth Amendment rights, and to protect Defendants' due process rights to notice and an opportunity to be heard, the Court should require that Plaintiffs move to lift the stay by showing that they may be entitled to pursue particular pre-judgment remedies, against particular assets, based on particular grounds of threatened dissipation, pursuant to particular procedures, in a particular court of competent jurisdiction. Defendants respectfully submit that the Court should order a stay "subject to the parties' rights to seek relief based on a substantive change in circumstances." If Plaintiffs contend that the actual or threatened dissipation of assets constitutes a "substantive change in circumstances," then they may attempt to make a particularized showing to obtain relief from the stay to pursue pre-judgment relief at home or abroad.

---

F.3d 1006 (9th Cir. 2013) (affirming judgment for defendants). Therefore, at a preliminary stage in the case, the Court must be chary of granting any sort of preliminary relief against the accused copyright infringer that may depend upon forecasting a likelihood of success on the merits. *Cf. Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) (vacating preliminary injunction against Google and affirming denial of preliminary injunction against Amazon); *Perfect 10, Inc. v. Rapidshare A.G.*, No. 09-CV-2596 H (WMC), 2010 U.S. Dist. LEXIS 146053 (S.D. Cal. May 18, 2010) (denying preliminary injunction against Rapidshare).

## CONCLUSION

For the reasons argued above and in the opening brief, as well as those presented in the *Microhits Action*, which are incorporated by reference, defendant Megaupload respectfully requests that the Court enter the attached proposed order staying this action until (at least) August 1, 2014.

Dated:  June 2, 2014                                        Respectfully submitted,

                                                            /s/ Craig C. Reilly
                                                            Craig C. Reilly, Esq. (VSB # 20942)
                                                            111 Oronoco Street
                                                            Alexandria, Virginia 22314
                                                            TEL (703) 549-5354
                                                            FAX (703) 549-2604
                                                            craig.reilly@ccreillylaw.com

                                                            Ira P. Rothken (*pro hac vice*)
                                                            Jared R. Smith (*pro hac vice*)
                                                            ROTHKEN LAW FIRM
                                                            3 Hamilton Landing
                                                            Suite 280
                                                            Novato, CA 94949
                                                            (415) 924-4250
                                                            (415) 924-2905 (fax)
                                                            ira@techfirm.net

                                                            *Counsel for Defendant Megaupload, Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 2, 2014, the foregoing was filed and served electronically by

the Court's CM/ECF system upon all registered users:

> Julie M. Carpenter
> Kenneth L. Doroshow
> Scott B. Wilkens
> Erica L. Ross
> JENNER & BLOCK LLP
> 1099 New York Ave., N.W.
> Suite 900
> Washington, D.C. 20001
> *Counsel for Plaintiffs*

> /s/ Craig C. Reilly
> Craig C. Reilly, Esq. (VSB # 20942)
> 111 Oronoco Street
> Alexandria, Virginia 22314
> TEL (703) 549-5354
> FAX (703) 549-2604
> craig.reilly@ccreillylaw.com
> *Counsel for Defendant Megaupload, Ltd.*