**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORP., *et al*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MEGAUPLOAD LIMITED, *et al.*, <br><br> *Defendants.* | No. 1:14CV362 <br> (LO / IDD) <br><br> **ECF CASE** |

**PLAINTIFFS' RESPONSE TO MEGAUPLOAD LIMITED'S MOTION
FOR A FURTHER EXTENSION OF THE STAY**

Plaintiffs Twentieth Century Fox Film Corporation, Disney Enterprises, Inc., Paramount Pictures Corporation, Universal City Studios Productions LLLP, Columbia Pictures Industries, Inc., and Warner Bros. Entertainment Inc. (together, "Plaintiffs") hereby respond to Defendant Megaupload Limited's ("Megaupload") motion for an extension of the stay of this case, which expired on April 1, 2016 (Dkt. No. 48) ("Megaupload Mtn."). This Court has scheduled Megaupload's motion for hearing on April 22, 2016.

Although Plaintiffs filed this action over two years ago, the case has been stayed almost from its inception due to the pending parallel criminal prosecution against Megaupload and its associated defendants. *See United States v. Dotcom*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012). The criminal prosecution has itself been delayed for more than four years (and counting) while long, drawn-out proceedings regarding the defendants' extradition and asset forfeiture continue to play out in multiple jurisdictions around the world. All the while, certain digital evidence potentially critical to Plaintiffs' case has rested exclusively in the hands of a

non-party, Cogent Communications, Inc. ("Cogent"), which has thus far agreed to maintain that evidence but acknowledges that it will not do so indefinitely.

While Plaintiffs do not generally oppose another six-month stay of this case, they respectfully submit that any such stay should be qualified to permit Plaintiffs to subpoena Cogent for the relevant data in its possession in order to ensure its preservation in this case. Megaupload contends that such a subpoena would be "improper" essentially for two reasons: (1) that the Stored Communications Act, 18 U.S.C. §§ 2701-2712 (the "SCA"), supposedly prohibits the disclosure of the data to Plaintiffs, and (2) that Megaupload should be the sole party entrusted to take custody of the data from Cogent and to decide what of that data, if any, Plaintiffs may be permitted to access. As explained in detail below, neither of these reasons has merit.

To avoid the risk of substantial prejudice to Plaintiffs from the potential loss of the relevant data in Cogent's possession, the Court should carve out of any further stay of this case the permission for Plaintiffs to subpoena Cogent for a forensic copy of that data. Alternatively, if Plaintiffs are not permitted to access the data at this time, then the Court should appoint an independent, third-party computer forensics vendor to verify the integrity of the data (as Plaintiffs have no visibility into the manner in which the data has been maintained to date) and to copy and preserve the data for the benefit of the parties while this case remains stayed.

## I. The Stored Communications Act Is No Bar To Plaintiffs' Copying Of The Cogent Data

As Megaupload notes in its motion, Cogent leased "caching" servers to Megaupload during the life of the Megaupload service. *See* Megaupload Mtn. at 3, ¶ 7; *see also* United States Department of Justice Summary of Evidence In Criminal Case, released Dec. 20, 2013, https://www.justice.gov/sites/default/files/usao-edva/legacy/2013/12/20/Mega%20Evidence.pdf ("DOJ Evidence Summary"). Unlike the servers provided by Carpathia Hosting, Inc., which

2

stored essentially all of the content uploaded by Megaupload's users, Cogent's caching servers contained only the most popular files as a means of speeding users' access to such material and reducing demands on Megaupload's bandwidth. *See* DOJ Evidence Summary at 111; *see also ACLU v. Reno*, 929 F. Supp. 824, 848-49 (E.D. Pa. 1996) ("[C]ontent providers store popular … material on their caching servers to avoid the delay of successive searches for the same material and to decrease the demand on their Internet connection."), *judgment aff'd*, 521 U.S. 844 (1997). According to the government, Cogent provided thirty-six such caching servers to Megaupload, the contents of at least two of which the government has reviewed. *See* DOJ Evidence Summary at 12-13, 89.

Megaupload contends that Plaintiffs should not be permitted to copy and access the data from Cogent's caching servers because to do so would violate the SCA. According to Megaupload's unsupported speculation, the data from those servers may include private material uploaded by Megaupload's users and, therefore, may not be disclosed to Plaintiffs without Megaupload's prior (and apparently exclusive) review and determination as to whether the material is subject to the SCA's constraints. *See* Megaupload Mtn. at 4-6. This is not correct.

While the SCA prohibits certain service providers from knowingly disclosing the contents of stored communications to another party in certain circumstances, 18 U.S.C. § 2702(a), the prohibition is not absolute. To the contrary, the Electronic Communications Privacy Act (of which the SCA is a part) provides expressly that "[i]t shall not be unlawful under . . . chapter 121 of this title [the SCA] for any person . . . to intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public." 18 U.S.C. § 2511(2)(g). *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320-21 (11th Cir. 2006) ("The

legislative history and the statutory structure [of the SCA] clearly show that Congress did not intend to criminalize or create civil liability for acts of individuals who 'intercept' or 'access' communications that are otherwise readily accessible by the general public."). Moreover, even where the electronic communication system is not itself configured to render stored communications "readily accessible to the general public," a service provider may still disclose those communications where the subscriber (*i.e.*, the uploader, in this case) has consented to the disclosure. 18 U.S.C. § 2702(b)(3).

There can be little question that the Cogent servers were configured to render the stored data "readily accessible to the general public" or, at the very least, that Megaupload's users consented to the disclosure of the data on those servers. As the government's summary of evidence makes clear, Megaupload configured the caching servers specifically to reproduce only the "most popular" files on the Megaupload system and to remove "those files [that] were not being distributed as frequently." DOJ Evidence Summary at 111. It is no surprise, then, that *all* of the files contained on the two caching servers that the government reviewed "were available to the public through the Mega Sites." *Id.* at 89. Indeed, the broad dissemination of popular files was the intended use of the system. *Id.* at 1-191. *See also, e.g.,* House Report on the Electronic Communications Privacy Act of 1986, H.R. Rep. No. 99–647, at 66 (1986) ("[A] subscriber who places a communication on a computer 'electronic bulletin board,' with a reasonable basis for knowing that such communications are freely made available to the public, should be considered to have given consent to the disclosure or use of the communication."). Accordingly, the SCA is no bar to Plaintiffs' access to this material.[1]

---

[1] Under Rule 26(d) of the Federal Rules of Civil Procedure, discovery may proceed prior to any Rule 26(f) conference when authorized by a court order. The court has "wide latitude in controlling discovery," including in expediting its timing. *See Physicians Interactive v. Lathian*

## II. If Plaintiffs Are Not Permitted To Obtain The Cogent Data At This Time, Then The Court Should Appoint A Third-Party Vendor To Preserve It

Megaupload contends that "the only party who is permitted to control the data" on the Cogent caching servers is Megaupload itself. Megaupload Mtn. at 6-7. In Megaupload's view, Plaintiffs should simply trust Megaupload to make and preserve a forensically-sound copy of the data from the Cogent servers and to make the appropriate (and apparently unchecked) judgment as to whether any of that data can be disclosed to Plaintiffs. *Id.* at 8-9. Such a proposal obviously provides little comfort to Plaintiffs, nor does it address the ongoing risk that Plaintiffs continue to face from having this evidence remain only in the hands of Cogent, a non-party to the case.[2]

Instead, if Plaintiffs are not permitted to subpoena the data from Cogent directly at this time, then the Court should appoint an independent and reputable third-party vendor of computer forensics services to confirm the integrity of the data on the Cogent drives and to copy and preserve it for the benefit of the parties and the Court. Questions regarding the need for review of that data before it can be provided to Plaintiffs – and who should be permitted to conduct that

---

*Sys., Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003) (quotation marks omitted). Generally, in this District, "[c]ourts have found that immediate discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11CV345, 2011 WL 2634166, at *1 (E.D. Va. July 1, 2011) (internal quotation marks omitted). The "unusual circumstances" here are that the start of discovery has already been delayed by stays for more than two years, with no clear end in sight. As the stays have continued, Cogent has stated that it does not intend to preserve the data indefinitely. Acting now to preserve this data may help to prevent potential irreparable prejudice to Plaintiffs from further delays.

[2] While Plaintiffs do not know whether Cogent has thus far maintained the data at the behest of the government, we note that the statute of limitations for criminal copyright infringement is five years, *see* 17 U.S.C. § 507(a), and that January 5, 2017 will be the fifth anniversary of the indictment and seizure of Megaupload in the criminal case. Accordingly, in the absence of a subpoena in this case, Cogent may believe that it no longer needs to maintain the data after that date.

5

review – can be deferred to a later date. Having an independent third-party vendor copy the data now, however, would ensure that the obligation to preserve the data is within the Court's control rather than the voluntary preferences of a non-party that are subject to change at any time.

### III. Megaupload's Claims Of Burden And Cost Are Without Basis

Megaupload spends much of its motion speculating that allowing Plaintiffs to subpoena Cogent for the relevant data in its possession may involve "very complex, burdensome, and expensive eDiscovery." Megaupload Mtn. at 3. *See also, e.g., id.* at 5-6. Such speculation, however, is entirely unsupported. In fact, Plaintiffs have obtained an estimate from a highly-reputable vendor suggesting that the cost of making and preserving a forensically-sound copy of the Cogent data should be quite manageable – *i.e.*, in the range of $20,000 or less. In any event, as Plaintiffs would be the parties issuing the subpoena, the costs of such copying would be Plaintiffs' to bear; any cost or complexity to Megaupload would be in relation to its own efforts to make a copy of the data, should it choose to do so.

Respectfully submitted,

Dated: April 14, 2016   By: __/s/ Julie M. Carpenter_____
JENNER & BLOCK LLP
Kenneth L. Doroshow (*admitted pro hac vice*)
Julie M. Carpenter, VA Bar #30421
Scott B. Wilkens (*admitted pro hac vice*)
Erica L. Ross (*admitted pro hac vice*)
1099 New York Ave., N.W.
Suite 900
Washington, DC 20001
Phone: 202-639-6000
Fax: 202-639-6066

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

  I hereby certify that on April 14, 2016, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, as well as by first-class U.S. mail, postage pre-paid, upon the following:

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco St
Alexandria, VA 22314
*Counsel to Megaupload Limited and Kim Dotcom*

Ira Rothken
Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
*Counsel to Megaupload Limited and Kim Dotcom*

Dated: April 14, 2016        By: __/s/ Julie M. Carpenter_____

                Julie M. Carpenter, VA Bar #30421
                JENNER & BLOCK LLP
                1099 New York Ave., N.W.
                Suite 900
                Washington, DC 20001
                Phone: 202-639-6000
                Fax: 202-639-6066

                *Attorneys for Plaintiffs*