UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

TWENTIETH CENTURY FOX FILM
CORP., *et al.*,

    *Plaintiffs*,

    v.

MEGAUPLOAD LIMITED, *et al.*,

    Defendants.

No. 1:14CV362
(LO / IDD)

**ECF CASE**

## ORDER

    This matter comes before the Court following proceedings held before United States
Magistrate Judge John F. Anderson on June 27, 2016. The following parties relevant to this
Order participated in those proceedings through their counsel: Plaintiffs in the above-captioned
action; Plaintiffs in the related civil action captioned *Warner Music Group Corp., et al. v.
Megaupload Limited, et al.*, No. 1:14-cv-374-LO-IDD; the United States of America in the
parallel criminal action captioned *United States of America v. Kim Dotcom, et al.*, No. 1:12-cr-3-
LO and the related civil forfeiture actions numbered 1:14-cv-960-LO-MSN and 1:15-cv-1106-
LO-MSN (all of the foregoing cases collectively referred to herein as the "Related Actions"), and
Megaupload Limited, Defendant in the civil and criminal actions and Claimant in the civil
forfeiture actions (all of the foregoing parties collectively referred to herein as the "Parties").

    During the June 27, 2016 proceedings, the Parties discussed and devised an interim
solution to secure and preserve digital evidence relevant to the Related Actions while, at the
same time, reserving and retaining all of their respective rights and positions with regard to that

1

digital evidence. Specifically, the Parties discussed how to prevent the deterioration or destruction of sixteen computer hard drives in the possession of Internet service provider Cogent Communications, Inc. ("Cogent"), which contain data relevant to the Related Actions. Cogent has informed the Parties that it is unable to read the data from eight of these sixteen computer hard drives.

WHEREAS the Parties have agreed to retain DriveSavers Inc. ("DriveSavers") for the purpose of forensic data recovery, and having fully considered the Parties' positions, the Court ORDERS that the following actions be taken to secure and preserve digital evidence in Cogent's possession:

1. Cogent shall ship the sixteen computer hard drives to DriveSavers via a courier service in locked containers. Both Cogent and DriveSavers shall observe chain of custody protocols from point-of-departure to point-of-receipt (including, without limitation, documenting when these drives are shipped to DriveSavers and by what courier service) and shall use industry best practices in securing and sharing the passwords for unlocking and locking the secure containers.

2. DriveSavers shall perform a forensic data recovery effort on the sixteen computer hard drives. This recovery effort shall take place in a secured, locked area using a standalone system disconnected from the Internet. The recovery effort shall be performed only by currently certified forensic computer examiners, who have completed a background clearance and who have attested under penalty of perjury that they are free of any conflicts as pertains to this litigation or the parties to this litigation. DriveSavers engineers involved in the data recovery effort shall observe well-documented procedures for the handling of sensitive or encrypted data. These procedures shall be made available to all Parties at any Party's request.

2

3.      Upon completing the recovery effort, DriveSavers shall place the recovered data on an external storage device. DriveSavers shall create a second, identical copy of the data and place that copy on a separate external storage device. DriveSavers shall then ship the two external devices, each via a different courier service, to Cogent's facility in Virginia. In a separate shipment, DriveSavers shall ship the original hard drives back to Cogent. DriveSavers and Cogent shall observe secure password protected container and chain of custody protocols from point-of-departure to point-of-receipt for all three shipments, including, without limitation, documentation of when shipments are sent and received (and by whom) and, in the case of Cogent, where and how the drives and devices are stored and who, if anyone, has accessed them.

4.      Cogent shall notify DriveSavers and all Parties when it has received all three shipments from DriveSavers. Cogent shall then maintain custody of the two external devices containing the recovered data, as well as the original hard drives. Cogent shall maintain each external device in a separate location inside of its Virginia facility. Cogent shall not move or transfer the recovered data from the devices provided by DriveSavers and shall not connect those devices to any computer connected to the Internet.

5.      Once the drives and devices have been returned to Cogent's custody and stored in Cogent's facility, no person (other than Cogent personnel solely for the purpose of ensuring proper maintenance) shall have access to those drives and devices, or to the data contained on those drives and devices, absent further order from this Court.

6.      DriveSavers shall retain no copies of the hard drives or any data recovered from the hard drives. Upon request by any Party, and with notice provided to all Parties, DriveSavers shall destroy all data from any media used to perform the data recovery. DriveSavers shall effectuate such destruction using the "5220.22-M" data sanitization method utilized by the

3

United States Department of Defense. Upon completion of such sanitization, DriveSavers shall inform all the Parties of the same.

7.     All costs attendant to the data recovery, destruction, and retention processes specified in this Order shall be borne by Plaintiffs in this action and Plaintiffs in the related civil action captioned *Warner Music Group Corp., et al. v. Megaupload Limited, et al.*, No. 1:14-cv-374-LO-IDD, on an equal basis or on such other basis as Plaintiffs elect by agreement.

8.     Nothing in this Order shall waive any of the Parties' rights, remedies and positions with respect to the hard drives, devices or data that is the subject of this Order and all such rights, remedies and positions are hereby expressly reserved for each Party. For the sake of clarity, and without limitation, this Order is without prejudice to Megaupload Limited's asserted right to access the data that is the subject of this Order and, at the same time, is without prejudice to the asserted position of the United States or any other Party that Megaupload Limited should not be allowed access to such data.

9.     This Order is binding on the Parties, Cogent, and DriveSavers, and shall be entered in each of the Related Actions and shall apply to all Parties in those actions.

March __ 2017
Alexandria, VA

Liam O'Grady
United States District Judge