UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORP., *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> MEGAUPLOAD LIMITED, *et al.*, <br><br> *Defendants*. | No. 1:14cv362 <br> (TSE / IDD) |

**DEFENDANT MEGAUPLOAD LTD.'S NOTICE OF RELATED CASES**

Defendant Megaupload Limited ("Megaupload") hereby gives notice of related cases, and in support thereof states as follows:

1. The defendants in this civil copyright infringement action are Megaupload, Vestor Limited ("Vestor"), Kim Dotcom ("Dotcom"), Mathias Ortmann ("Ortmann"), and Bram van der Kolk ("van der Kolk") (Doc. No. 1, *Complaint* ¶¶ 19 – 23).

2. Megaupload and the other defendants in this civil copyright action had previously been indicted for criminal copyright infringement, racketeering, and other alleged crimes. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*").[1] The gist of the scheme alleged in the *Criminal Action* is a conspiracy—the so-called "Mega Conspiracy"—to commit criminal copyright infringement over the Internet through operation of a cloud-storage website, Megaupload.com. *Criminal Action*, Doc. No. 34, *Superseding Indictment* ¶¶ 1-2 (identifying alleged conspirators, alleged object of conspiracy, and allegedly illegal income from the alleged scheme). The *Criminal Action* is still pending.

---

[1] The Court may take judicial notice of court records and pleadings in related cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239-40 (4th Cir. 1989).

3. In January 2012, the individual defendants in both this action and the *Criminal Action*—Dotcom, Ortmann, and van der Kolk—were arrested in New Zealand, where they reside. Since then, they have opposed extradition under the treaty between the United States and New Zealand on the grounds, *inter alia*, that the evidence alleged against them is not sufficient to establish that they have violated the laws of New Zealand—the so-called dual criminality requirement.[2]

4. Plaintiffs filed this civil action on April 7, 2014, alleging claims for direct and secondary copyright infringement against Megaupload, Vestor, and the individual defendants (Doc. No. 1, *Complaint*). The Plaintiffs in this action include Disney Enterprises, Inc. ("Disney") and Twentieth Century Fox Film Corporation ("Fox Film"), which are wholly owned subsidiaries of The Walt Disney Company (Doc. No. 7, ¶ 2 [Disney "is a wholly owned subsidiary of The Walt Disney Company, a publicly traded company"] & Doc. 80 [Fox Film is "a wholly-owned indirect subsidiary of The Walt Disney Company"]).

5. In their complaint in this action, Disney, Fox Film, and the other Plaintiffs allege that they are victims of the purported Mega Conspiracy alleged in the *Criminal Action* (Doc. No. 1, *Complaint* ¶¶ 1 – 10), and they assert claims for copyright infringement based on the same conduct that is alleged in the *Criminal Action* (*Id.* ¶¶ 24 – 46). Moreover, as early as April 2, 2012, and repeatedly thereafter, these Plaintiffs have appeared in the *Criminal Action* as "interested parties" who claim to be crime victims. *See*, *e.g.*, *Criminal Action*, Doc. Nos. 54, 98,

---

[2] *The Treaty on Extradition between the United States of America and New Zealand*, January 12, 1970, U.S.-N.Z., art. IV, 22 U.S.T. 1 ("Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found … to justify his committal for trial if the offense of which he is accused had been committed in that place … .").

134 & 230.[3] The Disney-affiliates and Fox Film, together with the other MPAA members, claim to have suffered "billions of dollars" of "financial loss[es]" at the hands of the Mega Conspiracy. *Criminal Action*, Doc. No. 54 at 2. Furthermore, the government has identified The Walt Disney Company and Fox Film as alleged crime victims. *Criminal Action*, Doc. No. 76 at 11-12.

6. Recently, the Court, *sua sponte*, reassigned this civil action to a new District Judge, Hon. T.S. Ellis, III (*Minute Entry*, Apr. 1, 2022).

7. The Court, *sua sponte*, also reassigned a related civil action to Judge Ellis. MINUTE ENTRY, *Warner Music Group Corp., et al. v. Megaupload Ltd., et al.*, No. 1:14cv374 (E.D. Va. Apr. 1, 2022) ("*Music Action*"). The civil copyright claims asserted in the *Music Action* are brought against the same Defendants—Megaupload, Vestor, Dotcom, Ortmann, and van der Kolk—and arise out of the alleged criminal Mega Conspiracy identified in the *Criminal Action*. The *Music Action* plaintiffs also claim to be crime victims, and alleged infringement of sound recordings owned by these major rights-holders is a pivotal contention in the *Criminal Action*.

8. Megaupload hereby gives notice that the *Criminal Action* is a "related case" to both this action and the *Music Action*. In fact, in this action, the Plaintiffs indicated that their civil case was a "related case" to the *Criminal Action*. Doc. No. 1-2 (Civil Cover Sheet). Likewise, in the *Music Action*, the Plaintiffs indicated that their case was a "related case" to the *Criminal Action* and this action. *Music Action*, Doc. No. 1-2 (Civil Cover Sheet).

---

[3] In the *Criminal Action*, the Plaintiffs in this action, including Fox Film, appeared together as members of the Motion Picture Association of America ("MPAA"). *Criminal Action*, Doc. No. 54. The Walt Disney Studios Motion Pictures also is a member of the MPAA. *Id*. The Walt Disney Studios Motion Pictures is a film distribution division within the family of companies wholly owned by The Walt Disney Company, and in the *Criminal Action*, it purports to act for itself and its "affiliated companies" within The Walt Disney Company. *Id*., Doc. No. 54 at 1.

3

9. That the civil actions are related to one another and to the *Criminal Action* cannot be doubted. The three cases arise out of a common nucleus of fact and have common defenses and issues, such as the application of the Digital Millennium Copyright Act "safe harbor" provisions to an online cloud-storage service provider,[4] the presence or lack of volitional conduct by Defendants, whether online cloud-storage service providers may be liable for user-generated content, whether the government (or some other entity) had a duty to preserve the data on the so-called "Cogent Servers" and the "Carpathia Servers,"[5] the applicability of the cloud-storage service terms of use, and the application of the *Sony* Doctrine[6] regarding substantial non-infringing uses.

10. Furthermore, there are two civil forfeiture cases arising from the *Criminal Action*. In the first, civil forfeiture case (No. 1:14cv969-LO-TRJ), the Court applied the fugitive disentitlement statute[7] to dismiss all claims except for that of Dotcom's ex-wife, Mona Dotcom. *See United States v. All Assets Listed in Attachment A, etc.*, 89 F. Supp. 3d 813 (E.D. Va. 2015), *aff'd sub nom. United States v. Batato*, 833 F.3d 413 (4th Cir. 2016). That case remains pending as to Mona Dotcom's claim. In the second civil forfeiture case, the Court again struck all claims under the fugitive disentitlement statute and then entered default judgment for the United States. ORDER OF FORFEITURE AND DEFAULT JUDGMENT, *United States v. All Assets in Australia, etc.*,

---

[4] *See* 17 U.S.C. § 512.

[5] In January 2012, shortly after the *Criminal Action* was filed, the government executed search warrants on premises controlled by Carpathia Hosting, Inc. ("Carpathia Servers") and Cogent Communications, Inc. ("Cogent Servers"), to search, select, and copy data on each company's computer servers. The government then relinquished control of those servers. *Criminal Action*, Doc. 32 at 1. In this action, the government, the Defendants, and the Plaintiffs in this action and the plaintiffs in the *Music Action* met and conferred and agreed upon a procedure to preserve the data on the Cogent Servers (Doc. 66 (preservation order)). Despite Megaupload's repeated demands for access, the data on the Carpathia Servers have not been preserved and may be lost.

[6] *See Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

[7] 28 U.S.C. § 2466.

No. 1:15cv1106-LO-MSN (E.D. Va. Jan. 22, 2018) (Doc. 57). When each forfeiture action was filed, the government had indicated on the Civil Cover Sheet that it was "related" to the *Criminal Action*.

11. Thus, Megaupload respectively submits that the *Criminal Action* and two civil forfeiture actions also should be reassigned to Judge Ellis in the interests of judicial economy, so that a single judge may preside and administer these related cases efficiently. Although both civil copyright actions are stayed at this time, the rulings in one action may affect or control issues in the other when active litigation resumes; therefore, the Court has prudently assigned them a single District Judge to preside over both. The same "race to *res judicata*" may arise among all civil cases and the *Criminal Action*, and it would be equally prudent to assign the civil forfeiture case and the Criminal Action to Judge Ellis, as well. Therefore, given the numerous common factual and legal issues in all these related cases, careful and coordinated case management by a single judge is necessary.[8]

Dated: April 7, 2022.

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
209 Madison St., Ste. 501
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com

---

[8] By giving this notice, defendant Megaupload does not waive any defense or procedural protections, including but not limited to defenses of insufficient service of process, lack of personal jurisdiction, and improper venue. *Cf. Xyrous Comm., LLC v. Bulgarian Telecom. Co. AD*, No. 1:09cv396, 2009 U.S. Dist. LEXIS 80620, *27 (E.D. Va. Sept. 4, 2009) (motion to stay did not seek affirmative relief from the court and therefore could not serve as a basis for waiver of Rule 12 defense).

Ira P. Rothken (*pro hac vice*)
Jared R. Smith (*pro hac vice*)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

*Counsel for Defendant Megaupload, Ltd.*